UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKYWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORMAN ABRAMSON, ET AL., <br><br> Defendants. | Case No.: C 11-00545 PSG <br><br> **ORDER GRANTING DEFENDANT NORMAN ABRAMSON'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS AND GRANTING DEFENDANT LEM ROGER SOLES' MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS** <br><br> (Re: Docket Nos. 11 and 19) |

Pending before the court are Defendant Norman Abramson's ("Abramson") motion to compel arbitration and to stay proceedings and Defendant Lem Roger Soles' ("Soles") motion to compel arbitration and to stay proceedings. Defendant Joan Abramson ("Mrs. Abramson") and Defendant David Caditz ("Caditz") have joined in Abramson's motion. Plaintiff Skyware ("Skyware") filed an untimely opposition to these motions. The parties appeared for oral argument on July 12, 2011. For the reasons below, Abramson's and Soles' motions are GRANTED.

## I. BACKGROUND

Abramson and Soles were employees of Skyware. On June 14, 2005, Abramson signed the "At Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" ("Agreement") regarding his employment with Hokupa's Technologies, Inc., the

1

Case No.: 11-00545 PSG
ORDER

predecessor to Skyware.  On March 21, 2006, Soles signed the Agreement regarding his employment with Skyware.  The Agreements signed by Abramson and Soles contain identical arbitration clauses, which provide in relevant part:

> "I agree that any and all controversies, claims or disputes with anyone (including the company and any employee, officer, director, shareholder or benefit plan of the company in their capacity as such or otherwise) arising out of, relating to, or resulting from my employment with [Skyware], including any breach of this agreement, shall be subject to binding arbitration under the arbitration rules set forth in California Code of Civil Procedure Section 1280 through 1294.2, including Section 1283.05 (the "Rules") and pursuant to California law."

The Agreements also contain identical choice-of-law clauses:

> "This Agreement will be governed by the laws of the State of California.  I hereby expressly consent to the personal jurisdiction of the state and federal courts located in California for any lawsuit filed there against me by [Skyware] arising from or relating to this Agreement."

On February 4, 2011, Skyware filed this action against Abramson, Soles, Caditz, Mrs. Abramson, and Shu Hui Chen ("Chen").  Skyware's complaint includes claims for copyright infringement, breach of employment agreement, misappropriation of trade secrets, breach of fiduciary duty, and violations of the California Unfair Competition Law.

On May 6, 2011, Abramson filed his motion to compel arbitration.  On May 16, 2011, Soles filed his motion to compel arbitration.  Both of these motions were originally set for hearing on June 21, 2011.  Thus, Skyware's opposition was due no later than May 31, 2011; none was filed.

On June 3, 2011, the court issued an order, pursuant to the parties' stipulation, modifying the briefing schedule and allowing Skyware to file its opposition no later than June 7, 2011.  On June 7, 2011, the parties appeared before the court for a case management conference, at which Skyware represented to the court that "we are filing our opposition today to [the motions to compel arbitration]."[1]  Again, Skyware did not file its opposition.

At the June 7 case management conference, the parties requested and the court agreed to continue the hearings to July 12, 2011.  If Skyware interpreted that continuance to recalculate the

---

[1] *See* FTR Audio Recording, June 7, 2011 2:23:28-23:31 p.m.

2

Case No.: 11-00545 PSG
ORDER

briefing deadlines, under Skyware's assumption, the opposition should have been submitted no later than June 21, 2011. Skyware also missed this deadline. Skyware eventually filed its opposition on June 22, 2011.[2]

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") permits a "party aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration" to petition a federal district court for an order compelling arbitration "in the manner provided" in the parties' agreement.[3] "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[4] Parties, however, may contract around the FAA via a choice-of-law clause.[5]

Under Cal. Civ. Proc. Code § 1281.2(c), unlike the FAA, the court has discretion not to order parties to arbitration when a party to the arbitration agreement is also a party to a pending court action with a third party, arising out of the same transaction or series of related transactions *and* there is a possibility of conflicting rulings on a common issue of law or fact. If such is the case,

> "the court (1) may refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) may order intervention or joinder as to all or only certain issues; (3) may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or (4) may stay arbitration pending the outcome of the court action or special proceeding."[6]

---

[2] As noted at the hearing, the court will consider Skyware's opposition even though it is plainly untimely under the local rules.

[3] *See* FAA 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).

[4] *Chiron,* 207 F.3d at 1130 (citing *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985)).

[5] *See Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 469 (1989).

[6] Cal. Civ. Proc. Code § 1281.2(c).

3
Case No.: 11-00545 PSG
ORDER

Additionally, if the court determines that there are other issues between the petitioner and the respondent that are not subject to arbitration and that are the subject of a pending action *and* that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies.[7]

The Ninth Circuit has found that Section 1281.2(c) is a "special rule[ ] limiting the authority of arbitrators," and not a "substantive principle that [California] courts would apply."[8] Because a general choice-of-law clause will only be construed as incorporating state substantive laws, not rules that govern the allocation of authority between courts and arbitrators, a general choice of law clause is not sufficient to incorporate Section 1281.2(c) into a contract.[9] Rather, "Section 1281.2(c) is a state procedural law, and therefore the parties' must have made specific reference to it in their agreement in order to effectively incorporate it into their contract."[10]

### III. DISCUSSION

Skyware argues that the arbitration clause in the Agreement expressly incorporates Section 1281.2(c), by stating that all disputes "shall be subject to binding arbitration under the arbitration rules set forth in California Code of Civil Procedure Section 1280 through 1294.2, including Section 1283.05." Skyware further argues that, under Section 1281.2(c), this court should stay arbitration pending the outcome of the court action for two reasons. First, Skyware has alleged that all Defendants were engaged in a conspiracy with each other, and the allegations against Caditz, Mrs. Abramson, and Chen—which are not governed by any arbitration agreement—arise out of the

---

[7] *See id.*

[8] *Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1212 (9th Cir. 1998) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63-64 (1995)).

[9] *See Mastrobuono,* 514 U.S. at 64.

[10] *Stone & Webster, Inc. v. Baker Process*, Inc., 210 F. Supp. 2d 1177, 1187-88 (S.D. Cal. 2002).

4

Case No.: 11-00545 PSG
ORDER

same transactions or series of transactions as the allegations against Abramson and Soles. Second, Skyware's claim for breach of fiduciary duty against Abramson is not "resulting from his employment" and is therefore outside of the scope of the Agreement's arbitration clause.

Abramson and Soles respond that the Agreement's language fails to specifically incorporate Section 1281.2(c). They contend that, to the contrary, the terms of the arbitration clause in the Agreement clearly reflect the parties' intent to arbitrate all disputes arising from their agreement under the arbitration rules set forth in the California Code of Civil Procedure. Abramson and Soles further argue that even if Section 1281.2(c) did apply, it would be an abuse of discretion for the court to stay arbitration because Skyware's allegations regarding the additional Defendants are insufficient to controvert California public policy strongly favoring arbitration.[11] Specifically, they point out that Skyware has not shown there is a possibility of conflicting rulings on a common issue of law or fact or that staying arbitration would be preferable to any of the other options allowed by Section 1281.2(c), including compelling arbitration and staying the pending litigation.

Given that the allegations about Abramson's conduct are more numerous than the allegations against the other Defendants—there is a particular paucity of facts alleged against Mrs. Abramson and Chen—the court is unpersuaded that these additional Defendants' involvement in the case should negate Abramson's and Sole's contractual agreement with Skyware to arbitrate. Additionally, Skyware's argument that arbitration should be stayed because its breach of fiduciary duty claim against Abramson is outside the scope of the Agreement also fails because Skyware has not shown that a determination of that issue could make the arbitration unnecessary. As a result, even if the parties successfully incorporated Section 1281.2(c) into the Agreement, this court finds that its discretion is appropriately exercised by compelling arbitration and staying the remainder of the action. Accordingly,

---

[11] *See Ruiz v. Sysco Food Services,* 18 Cal. Rptr. 3d 700, 712-13 (Ct. App. 2004).

IT IS HEREBY ORDERED that the motions to compel arbitration are GRANTED. Skyware's claims against Abramson and Soles shall be submitted to arbitration.

IT IS FURTHER ORDERED that the motions to stay are GRANTED.  The parties shall submit joint status updates on October 17, 2011 and every 90 days thereafter until the stay is removed.

IT IS FURTHER ORDERED that the pending motion to dismiss (Docket No. 13), motion for partial summary judgment (Docket No. 35), motion to strike (Docket No. 35), and motion to continue (Docket No. 58) are denied without prejudice to their being renewed if and when the stay is lifted.

Dated:  July 18, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-00545 PSG
ORDER