**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       NORTHERN DISTRICT OF CALIFORNIA
10      SAN JOSE DIVISION

| | |
|---|---|
| SKYWARE, INC., a Delaware corporation, ) | Case No.: C 11-00545 PSG |
| ) | |
| Plaintiff, ) | **ORDER DISSOLVING ORDER TO SHOW CAUSE AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |
| v. ) | |
| ) | |
| NORMAN ABRAMSON, an individual, ) JOAN ABRAMSON, an individual, ) DAVID CADITZ, an individual, ) ROGER SOLES, an individual, SHU HUI ) CHEN, an individual, and DOES 1 through 25, ) inclusive, ) | **(Re: Docket No. 81)** |
| ) | |
| Defendants. ) | |

On February 29, 2012, the court issued an Order to Show Cause ("OSC") regarding why Plaintiff Skyware Inc.'s ("Skyware") case should not be dismissed for lack of standing.[1] Skyware responded on March 9, 2012,[2] Defendants responded on March 15, 2012,[3] and Skyware supplemented its response on March 19, 2012.[4] Having considered the parties' arguments, the court ORDERS that this matter be dismissed without prejudice.

---

[1] *See* Docket No. 81 (OSC).

[2] *See* Docket No. 82 (Pl.'s Resp. to OSC).

[3] *See* Docket No. 83 (Defs.' Resp. to OSC).

[4] *See* Docket No. 84 (Pl.'s Supplemental Resp. to OSC).

1
Case No.: C 11-00545 PSG
**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

## I. BACKGROUND

On February 4, 2011, Skyware filed a complaint alleging, among other things, that Defendants violated Skyware's copyrights.[5] On September 22, 2011, Skyware filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code.[6] On January 31, 2012, Skyware's Trustee moved to abandon this lawsuit.[7] On February 22, 2012, the bankruptcy court granted the motion.[8]

## II. LEGAL STANDARDS

The standing doctrine is well established: "Article III . . . gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process."[9] Because standing is jurisdictional, a plaintiff must have standing at all times during the litigation's pendency.[10] It is incumbent on the court to evaluate whether a litigant has standing, and the court may at any time dismiss claims *sua sponte* if the court determines that a litigant lacks standing.[11]

---

[5] *See* Docket No. 1 (Complaint) ¶¶ 27-38.

[6] *See* Docket No. 72 (Joint Case Status Report) at 2; *see also In re Skyware, Inc.*, Case No. 11-33460 (Bankr. N.D. Cal. filed Sept. 22, 2011).

[7] *See In re Skyware, Inc.*, Case No. 11-33460 (Bankr. N.D. Cal. filed Sept. 22, 2011) at Docket No. 12 (Motion to Abandon Lawsuit).

[8] *See id.* at Docket No. 16 (Order Authorizing Abandonment of Lawsuit).

[9] *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (restating the three requirements that must be met for Article III standing: (i) an injury in fact that (ii) is fairly traceable to the challenged conduct and (iii) has some likelihood of redressability).

[10] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[11] S*ee, e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) ("We are obligated to consider *sua sponte* whether we have subject matter jurisdiction."); *Board of Natural Resources v. Brown*, 992 F.2d 937, 944 (9th Cir. 1993) ("The jurisdictional element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence.").

2
Case No.: C 11-00545 PSG
**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

### III. DISCUSSION

Skyware's Trustee was appointed to serve as the representative of Skyware's estate.[12] All of Skyware's legal or equitable interests, including its claims in this lawsuit,[13] therefore passed to the estate upon Skyware's filing for bankruptcy.[14] But under *Catalano*, if a Trustee abandons a claim, "the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition."[15]

As noted above, the bankruptcy court has granted Skyware's Trustee's request to abandon the claims in this case. The effect of this decision is to restore Skyware's interest in the claims,[16] and therefore its standing to pursue them. Skyware, however, has made explicit that it is unable to pursue the claim.[17] It is thus clear that while Skyware retains standing to pursue its claims, the claims should nevertheless be dismissed, with the only remaining issue being whether this dismissal should operate with or without prejudice. Defendants are correct that under Fed. R. Civ. P. 41(b), a dismissal for lack of prosecution operates as an adjudication on the merits and therefore is a dismissal with prejudice, unless the court states otherwise.[18] But it is not entirely accurate to

---

[12] *See* 11 U.S.C. § 323(a)-(b) ("The trustee in a case under this title [bankruptcy] is the representative of the estate . . . [and] has capacity to sue and be sued."); *see also Estate of Spiritos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1174 (9th Cir. 2006) ("11 U.S.C. § 323 vests the bankruptcy trustee with the ***exclusive*** right to sue on behalf of the bankruptcy estate.") (emphasis added).

[13] *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) ("Thus, regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541.").

[14] *See* 11 U.S.C. § 541(a)(1) ("[The estate is comprised of] all legal or equitable interests of the debtor in property as of the commencement of the case."); *see also In re Gunartt*, 355 Fed. Appx. 66, 68 (7th Cir. 2009) (finding that trustee had exclusive standing to litigate claims after all debtor's property and claims against creditor bank became part of estate upon bankruptcy filing).

[15] *Catalano v. Commissioner of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002).

[16] *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (holding that the bankruptcy estate, and not the plaintiff, was the real party in interest, and that the plaintiff lacked prudential standing at the time the action was filed).

[17] *See* Docket No. 82 (Pl.'s Resp. to OSC) at 2.

[18] *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993)).

characterize Skyware as failing to prosecute its claim. Rather, Skyware has confirmed that it has no ability to prosecute and therefore seeks dismissal of its own accord. Although the distinction may be slight, it is important. Where, as here, a party can no longer pursue the claims it filed, the court must consider the prejudice inflicted on the defending parties in a different light. All of the frustration and burden imposed on Defendants notwithstanding, particularly as caused by Skyware's late filings, the court cannot say that its discretion is appropriately exercised by dismissing these claims with prejudice as Defendants request. Skyware has appeared at all hearings, no discovery has taken place, and this dispute has been for a matter of months, not years.[19] While these circumstances present a close call, the Ninth Circuit's case law suggests that close calls should be resolved by dismissing without prejudice, not with.[20]

### IV.    CONCLUSION

The court ORDERS this matter dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

**IT IS SO ORDERED.**

Dated: June 1, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *Cf. Reynolds v. San Francisco Unified School Dist.*, Case No. CV-02-5312 VRW, 2004 WL 1811157 (N.D. Cal. Aug. 9, 2005); *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 Fed. Appx. 636, 638-39 (9th Cir. 2011).

[20] *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

4
Case No.: C 11-00545 PSG
**ORDER DISMISSING PLAINTIFF'S COMPLAINT**